**NOT FOR PUBLICATION**
UNITED STATES COURT OF APPEALS
FOR THE NINTH CIRCUIT

FILED

FEB 26 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS



| | |
|---|---|
| THE REGENTS OF THE UNIVERSITY OF CALIFORNIA, a California public corporation,<br><br>                Plaintiff-Appellant,<br><br>   v.<br><br>FEDERAL EMERGENCY MANAGEMENT AGENCY, a federal government entity; ROBERT J. FENTON, Jr., in his official capacity; JULIETTE HAYES, in her official capacity; MARK S. GHILARDUCCI, in his official capacity as Director of the California Governor's Office of Emergency Services,<br><br>                Defendants-Appellees,<br><br>HILLS CONSERVATION NETWORK, INC., a nonprofit public benefit corporation; EAST BAY REGIONAL PARK DISTRICT, a California local agency,<br><br>                Intervenor-Defendants-Appellees. | No.   20-15242<br><br>DC No. 3:17-cv-03461-LB<br><br>MEMORANDUM[*] |

   [*]    This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

Appeal from the United States District Court
for the Northern District of California
Laurel D. Beeler, Magistrate Judge, Presiding

Argued and Submitted February 12, 2021
San Francisco, California

Before: TASHIMA, WARDLAW, and BEA, Circuit Judges.

The Regents of the University of California ("University") appeal the judgment of the district court dismissing this action against the Federal Emergency Management Agency ("FEMA") and federal and state officials. We have jurisdiction under 28 U.S.C. § 1291. "We review legal conclusions concerning mootness *de novo* and factual findings concerning mootness for clear error." *Rocky Mountain Farmers Union v. Corey*, 913 F.3d 940, 949 (9th Cir. 2019). "A district court's finding of fact is clearly erroneous if it is '(1) "illogical," (2) "implausible," or (3) without "support in inferences that may be drawn from the facts in the record."'" *Seller Agency Council, Inc. v. Kennedy Ctr. for Real Estate Educ., Inc.*, 621 F.3d 981, 986 (9th Cir. 2010) (quoting *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)). We affirm.

The record amply supports the district court's factual finding that the original and revised projects are materially distinct. The original project involved some selective thinning (particularly with respect to the subareas covered by the

2

unified methodology), but its principal methodology was overstory removal—the removal of 22,000 eucalyptus and other non-native trees. The revised project, by contrast, calls for a selective thinning strategy throughout.

This difference is plainly material. The U.S. Fish and Wildlife Service ("FWS")'s "no jeopardy" finding and its issuance of an Incidental Take Statement hinged in significant part on the premise that the University's overstory removal approach would produce additional habitat for the Alameda whipsnake, a listed species under the Endangered Species Act. FWS's Biological Opinion, FEMA's NEPA analysis, and the final environmental impact statement ("EIS") all rested in significant part on this important premise. The Biological Opinion expressly states that "reinitiating of formal consultation is required where . . . the agency action is subsequently modified in a manner that causes an effect to the listed species or critical habitat that was not considered in this biological opinion."

The record also supports the district court's conclusion that FEMA funding of the revised project would require preparation of a supplemental EIS. "A supplemental EIS is required if (a) the 'agency makes substantial changes in the proposed action that are relevant to environmental concerns . . . .'" *California ex rel. Imperial Cty. Air Pollution Control Dist. v. U.S. Dep't of the Interior*, 767 F.3d 781, 795 (9th Cir. 2014) (quoting 40 C.F.R. § 1502.9(c), now codified at 40 C.F.R.

3

§ 1502.9(d)); *see also Klamath Siskiyou Wildlands Ctr. v. Boody*, 468 F.3d 549, 560 (9th Cir. 2006) ("[I]f the proposed action might significantly affect the quality of the environment, a supplemental EIS is required."). The changes the University proposed here are indeed substantial. The Biological Opinion and the final EIS assumed that, apart from the small subareas covered by the unified methodology, the University would apply an overstory removal strategy in Strawberry and Claremont Canyons, creating additional Alameda whipsnake habitat. The final EIS did not address a selective thinning approach for the Strawberry and Claremont Canyon areas; nor did it consider the advisability of a plan for these areas that would not create additional Alameda whipsnake habitat.

Finally, the record supports the district court's finding that the preliminary injunction issued by the state court, rather than FEMA's grant termination, caused the University to rescind the original project. FEMA terminated the University's grants in September 2016. Nevertheless, in October 2016, the University argued strenuously in the state-court litigation that it was proceeding with the original project. This supports the district court's finding that it was the preliminary injunction in the state-court lawsuit, not FEMA's actions, that caused the University to abandon the original project and pursue the revised project.

In light of the foregoing facts, the district court did not err by dismissing the action as moot. "The basic question in determining mootness is whether there is a present controversy as to which effective relief can be granted." *Feldman v. Bomar*, 518 F.3d 637, 642 (9th Cir. 2008) (quoting *Nw. Envtl. Def. Ctr. v. Gordon*, 849 F.2d 1241, 1244 (9th Cir. 1988)). Here, the district court could not grant effective relief. Even if the court concluded that FEMA erred by terminating the grants, the FEMA grant money would not have been transferrable to the revised project. Nor would the University have been able to rely on the Incidental Take Statement in carrying out the revised project. The district court therefore properly concluded that the action was moot.

**AFFIRMED.**